IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| WARREN J. BROWN, #1013153 | § | |
| VS. | § | CIVIL ACTION NO. 6:09cv69 |
| SHAWN LARTY, ET AL. | § | |

MEMORANDUM OPINION AND
ORDER OF PARTIAL DISMISSAL

Plaintiff Warren J. Brown, an inmate previously confined at the Michael Unit of the Texas prison system, proceeding *pro se* and *in forma pauperis*, filed the above-styled and numbered civil rights lawsuit pursuant to 42 U.S.C. § 1983. The complaint was transferred to the undersigned pursuant to 28 U.S.C. § 636(c).

History of the Case

The original complaint was filed on February 17, 2009. On June 25, 2010, the Court issued an opinion permitting the Plaintiff to proceed with his excessive use of force claim against Officer Shawn Larty for an incident that occurred on June 15, 2008, and with a second excessive use of force claim against Officers Shawn Larty and Jose Avelar for an incident that occurred on October 29, 2008.

On September 20, 2010, the Defendants filed a motion for partial summary judgment limited to the defense of exhaustion of administrative remedies (docket entry #43). The Plaintiff was ordered to file a response by October 13, 2010. He was placed on notice that the motion may be granted if he failed to timely file a response. As of today, the Plaintiff has not filed a response to the motion.

1

The Defendants argued that the Plaintiff did not exhaust his administrative remedies with respect to the incident that occurred on October 29, 2008. They submitted competent summary judgment evidence showing that the Plaintiff filed a Step 1 grievance with respect to the incident, but he never filed a Step 2 grievance.

## Discussion and Analysis

The law governing the exhaustion of administrative remedies is 42 U.S.C. § 1997e. In 1996, Congress enacted the Prison Litigation Reform Act ("PLRA"), which mandated that no action shall be brought by a prisoner "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Supreme Court accordingly unanimously concluded that inmates must exhaust their administrative remedies before proceeding to federal court. *Booth v. Churner*, 532 U.S. 731 (2001). The Supreme Court subsequently held that exhaustion is mandatory and is required for all actions brought by prisoners. *Porter v. Nussle*, 534 U.S. 516, 524 (2002). The Supreme Court subsequently reiterated that exhaustion is mandatory and will not be excused when an inmate fails to timely exhaust his administrative remedies. *Woodford v. Ngo*, 548 U.S. 81, 84 (2006). Exhaustion also requires that a prisoner satisfy the requirement of "proper exhaustion." *Id.* at 83. The Supreme Court's most recent pronouncement on exhaustion was in *Jones v. Bock*, 549 U.S. 199 (2007). The Supreme Court stated that "[t]here is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Id.* at 211. It was added, however, that the "failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specifically plead or demonstrate exhaustion in their complaints." *Id.* at 216.

Most recently, the Fifth Circuit provided guidance concerning how the exhaustion question should be handled in *Dillon v. Rogers*, 596 F.3d 260 (5th Cir. 2010). The following guidelines were provided:

2

> As a final matter, we now provide a brief summary of how district courts should approach exhaustion questions under the PLRA. When the defendant raises exhaustion as an affirmative defense, the judge should usually resolve disputes concerning exhaustion prior to allowing the case to proceed on the merits. If the plaintiff survives summary judgment on exhaustion, the judge may resolve disputed facts concerning exhaustion, holding an evidentiary hearing if necessary.

*Id.* at 272-73.

In the present case, the Defendants have submitted uncontested competent summary judgment evidence showing that the Plaintiff did not file a Step 2 grievance regarding the incident that occurred on October 29, 2008. The motion for partial summary judgment limited to the defense of exhaustion of administrative remedies should be granted. It is therefore

**ORDERED** that the motion for partial summary judgment limited to the defense of exhaustion of administrative remedies (docket entry #43) is **GRANTED** and the Plaintiff's claims against Shawn Larty and Jose Avelar regarding the use of force incident that occurred on October 29, 2008 are **DISMISSED** with prejudice. The sole claim remaining in this lawsuit concerns the Plaintiff's excessive use of force claim against Officer Shawn Larty for the incident that occurred on June 15, 2008.

**So ORDERED and SIGNED this 25th day of October, 2010.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE

3