IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| WARREN J. BROWN, #1013153 | § | |
| VS. | § | CIVIL ACTION NO. 6:09cv69 |
| SHAWN LARTY, ET AL. | § | |

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

Plaintiff Warren J. Brown, an inmate previously confined at the Michael Unit of the Texas prison system, proceeding *pro se* and *in forma pauperis*, filed the above-styled and numbered civil rights lawsuit pursuant to 42 U.S.C. § 1983. The complaint was transferred to the undersigned pursuant to 28 U.S.C. § 636(c).

The original complaint was filed on February 17, 2009. An evidentiary hearing, consistent with *Spears v. McCotter*, 766 F.2d 179, 182 (5th Cir. 1985), was conducted on June 14, 2010. On June 25, 2010, the Court issued an opinion permitting the Plaintiff to proceed with his excessive use of force claim against Officer Shawn Larty. A scheduling order was issued setting forth deadlines in this case. The Plaintiff, however, has not complied with any of the deadlines. He failed to file a notice of disclosure by September 20, 2010. On October 25, 2010, the Court issued an order giving him a deadline of November 15, 2010 to show cause why the lawsuit should not be dismissed for failure to comply with the scheduling order. The Plaintiff did not respond. He failed to file a response to the Defendant's motion for summary judgment, which warrants dismissal of the lawsuit for want of prosecution. *Martinez v. Johnson*, 104 F.3d 769 (5th Cir. 1997). On November 16, 2010, the Plaintiff

1

was warned that the lawsuit may be dismissed if he did not timely submit witness and exhibit lists by December 6, 2010. Once again, however, he failed to comply with the scheduling order by failing to submit the requisite lists. It is finally noted that the Court has not heard from him at all since the *Spears* hearing.

A district court may dismiss an action for failure to prosecute or to comply with any order of the court. *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988); Fed. R. Civ. P. 41(b). The exercise of the power to dismiss a case for failure to prosecute or obey a court order is committed to the sound discretion of the Court and appellate review is confined solely in whether the Court's discretion was abused. *Green v. Forney Engineering Co.*, 589 F.2d 243 (5th Cir. 1979); *Lopez v. Aransas County Independent School District*, 570 F.2d 541 (5th Cir. 1978). Not only may a district court dismiss for want of prosecution upon motion of a defendant, but it may also, *sua sponte*, dismiss an action whenever necessary to achieve the orderly and expeditious disposition of cases. *Anthony v. Marion County General Hospital*, 617 F.2d 1164 (5th Cir. 1980).

Dismissal with prejudice for failure to obey an order or failure to prosecute is an extreme sanction which should be employed only when the "plaintiff's conduct has threatened the integrity of the judicial process [in a way which] leav[es] the court no choice but to deny that plaintiff its benefit." *McNeal v. Papasan*, 842 F.2d 787, 790 (5th Cir. 1988). A court should consider lesser sanctions, such as fines, costs, damages, conditional dismissals and dismissals without prejudice, among other lesser measures, prior to dismissing a case with prejudice. *Id.* at 793. The explanation for employing a dismissal with prejudice should be stated on the record. *Id.*

In the present case, the Plaintiff has missed several deadlines. He has been repeatedly warned that the lawsuit may be dismissed if he failed to comply with the deadlines. Nonetheless, he failed to comply with the deadlines and offered no explanation for his actions. His failure to comply with the

2

orders of this Court tends to undermine the orderly operations of the proceedings and threatens the integrity of the judicial process. At the same time, the Defendant has complied with all orders and has been obligated to defend the lawsuit in spite of the Plaintiff's failure to prosecute the case. A fine would not be appropriate as a sanction since the Plaintiff is proceeding *in forma pauperis*. Apparently he does not have the money to pay any fines imposed. The lawsuit involves an incident that occurred on June 15, 2008. Dismissal of the lawsuit without prejudice would be a *de facto* dismissal with prejudice due to the statute of limitations. The Court is of the opinion that the Defendant should not be required to defend himself again if the statute of limitations was suspended, thus the lawsuit should be dismissed with prejudice. It is accordingly

**ORDERED** that the complaint is **DISMISSED** with prejudice for failure to obey orders of the Court and for want of prosecution. Fed. R. Civ. P. 41(b); Rule 41, Local Rules for the Eastern District of Texas. All motions not previously ruled on are **DENIED**.

**So ORDERED and SIGNED this 9th day of December, 2010.**

*John P. Love*
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE